985 F.2d 576
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Ronald LISTER, Defendant-Appellant.
 Nos. 92-50116, 92-50122.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Jan. 6, 1993.
Decided Jan. 28, 1993.
 
 Appeal from the United States District Court for the Southern District of California; Nos. CR-89-1084-05, CR-91-0206-01, Rudi M. Brewster, District Judge, Presiding.
 S.D.Cal.
 AFFIRMED IN NO. 92-50116, AND REVERSED IN NO. 92-50122.
 Before JAMES R. BROWNING, POOLE and NOONAN, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 * The district court correctly concluded the plea agreement in No. 92-50116 was void. The agreement was not ambiguous. It clearly bound Lister "not [to] commit any further crimes." It also provided "violation of any provision of this agreement [renders] it null and void." Lister's release on bond was conditioned upon his remaining within the Southern and Central Districts of California. Lister's travel to Mexico violated the conditions of his release, and is punishable by criminal contempt. 18 U.S.C. § 3148. Lister therefore committed a crime, breached the plea agreement and rendered it void. Bloom v. Illinois, 391 U.S. 194, 201 (1968).
 
 
 3
 Since Lister admitted traveling to Mexico, there was no factual dispute regarding his violation of the conditions of his release on bond and no need for an evidentiary hearing. United States v. Packwood, 848 F.2d 1009, 1011 (9th Cir.1988).
 
 II
 
 4
 In No. 92-50122, the district judge's failure to inform the defendant that he would have the right against compelled self-incrimination if he went to trial violated Fed.R.Crim.P. 11(c)(3). That violation is harmless under Fed.R.Crim.P. 11(h) if "the defendant was aware of the necessary information at the time he entered his plea." United States v. Graibe, 946 F.2d 1428, 1434 (9th Cir.1991). In determining what Lister knew, we are restricted to a review of the record of the plea hearing. Id. Nothing in that record indicates that Lister knew of his right against compelled self-incrimination. Accordingly, the error was not harmless and Lister must be allowed to withdraw his plea.
 
 
 5
 The judgment in No. 92-50116 is affirmed. The judgment in No. 92-50122 is reversed.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or for the courts of this circuit except as provided by 9th Cir.R. 36-3